IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
TYLER DIVISION

| | |
|---|---|
| Willena Brown § | |
| § | Civil Action No. |
| V. § | |
| § | 6:22-cv-00335 |
| Metropolitan Life Insurance Company § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Willena Brown** complaining of and about **Metropolitan Life Insurance Company** and for cause of action shows unto the Court the following:

**JURISDICTION and VENUE**

1. Pursuant to 28 U.S.C. §1332, the subject matter in controversy is within the jurisdictional limits of this court in that the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (b) because it is where the Plaintiff resides, the beneficiary of the life insurance policy at issue in this case.

**SERVICE**

3. Defendant **Metropolitan Life Insurance Company** (hereinafter MetLife) is an insurance company, doing business in the State of Texas. Said Defendant has answered this lawsuit.

**AGENCY AND VICARIOUS LIABILITY**

4. Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

**WRITTEN NOTICE GIVEN**

5.  Prior to filing suit, Plaintiff has not given notice but is willing to enter into an agreement for the abatement of this case.

**FACTS**

6.  On June 5, 2020, William Brown, Jr. (William) had a policy of insurance with Defendant that provided benefits when death resulted from an accident.

7.  At all times relevant, the policy was in full force and effect.

8.  The primary beneficiary of the policy is William's daughter, Willena Brown, Plaintiff herein.

9.  On June 5, 2020, William died as the result of an accidental drowning.

10. Plaintiff timely made a claim for accidental death benefits. Plaintiff fully cooperated with Defendant's investigation of the accidental death claim.

11. Defendant requested and Plaintiff provided the requested information along with an expert's report that alcohol had not played a role in the death of William, which was an assertion that Defendant wanted to investigate.

12. All the requested information was provided to Defendant on or about December 16, 2021. Defendant has not requested further information.

13. As of the date of the filing of this lawsuit, Defendant has neither accepted nor rejected the claim.

**BREACH OF CONTRACT**

14. Plaintiff incorporates herein all the FACTS as set forth above.

15. Defendant's conduct in this matter appears to be in Breach of Contract.

16. There is a valid, enforceable contract of insurance between and Plaintiff and Metlife.

17. Plaintiff is a proper party to bring this lawsuit against Metlife.

18. Plaintiff has performed under the contract by paying premiums and cooperating with the investigation and supplying necessary information.

19. MetLife breached the contract by not providing benefits.

20. The breach of the contract has caused injury to Plaintiff.

**PROMPT PAYMENT OF CLAIMS ACT**

21.   Plaintiff incorporates herein all the FACTS as set forth above.

22.   Defendant had all the information needed to pay Plaintiff's claim on or before January 16, 2022. As a result, this claim should have been accepted and paid by January 16, 2022.

23.   Defendant is liable as penalty at an interest of 18% a year on the policy benefits plus attorneys' fees.

**DAMAGES**

24.   Plaintiff incorporates herein all the facts as set forth above.

25.   Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

   a)   Actual damages - Policy Benefits

   b)   $????.??         - Penalty at 18% on actual damages from January 16, 2022, until paid.

**ATTORNEY'S FEES**

26.   Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

**PRE-JUDGMENT and POST JUDGMENT INTEREST**

27.   As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that Plaintiff is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

28.   Further, Plaintiff will show that Plaintiff is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

**COSTS OF SUIT**

29. In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

30. Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

**REQUEST FOR JURY TRIAL**

31. Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

**PRAYER**

32. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on September 8, 2022.

Respectfully submitted,

/s/     Mark S. Humphreys
Mark S. Humphreys   - SBOT #00789762

MARK S. HUMPHREYS, P.C.
211 South Rusk Street, Weatherford, TX 76086
Tel.  (972) 263-3722  *  Fax.  (972) 237-1690
Email:   texaslaw94@yahoo.com
**Attorney For Plaintiff**

**CERTIFICATE OF SERVICE**     I hereby certify by my signature above that a true copy of the foregoing instrument was on September 8, 2022, forwarded to defense counsel via ECF notification.